IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00854-BNB

EARL CROWNHART,

Applicant,

v.

ATTORNEY JIM E. MAJOR,

Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN - 7 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE
AN AMENDED APPLICATION

---

Applicant, Earl Crownhart, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Crownhart has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Mr. Crownhart is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Crownhart will be ordered to file an Amended Application.

Mr. Crownhart's Application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th

Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

A state prisoner may challenge the execution of his sentence under § 2241. In the instant action, Mr. Crownhart, however, does not appear to be challenging the execution of his sentence. Instead, he appears to be challenging the validity of his conviction in a Colorado state criminal proceeding. If Mr. Crownhart has been convicted in state court and believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Regardless of the statutory authority for his claims, Mr. Crownhart must demonstrate that he has exhausted state remedies before he may raise his claims in federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state's highest court. *See Castille v. Peoples*, 489 U.S. 346, 350-51 (1989). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus

action bears the burden of showing that he has exhausted all available state remedies. See *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Although Mr. Crownhart has failed to comply with Rule 8, he will be given an opportunity to file an Amended Application on a proper form and to clarify his claims and the steps he has taken to exhaust his state court remedies.

Applicant also must take notice that the properly named respondent in a § 2254 action is the warden of the facility where he is incarcerated, not the attorney against whom he is claiming ineffective assistance of counsel. Accordingly, it is

ORDERED that Mr. Crownhart file **within thirty days from the date of this Order** an Amended Application that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Crownhart, together with a copy of this Order, two copies of the Court-approved form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Crownhart fails within the time allowed to file an Amended Application as directed the Application will be denied and the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's Motion to Strike, filed on May 14, 2007, and his Motion to Strike, filed on June 4, 2007, both are denied as nonsensical.

DATED June 7, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00854-BNB

Earl Crownhart
Prisoner No. 113771
DRDC
PO Box 392004
Denver, CO 392004

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 6/7/07

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk